# Neale & Newman

*Established 1903*

**Kevin Hays Dunaway**
*Partner*
Email: kdunaway@nnlaw.com
Main: 417.882.9090
Extension: 147

December 9, 2019

*VIA EMAIL (Michelle.Lemieux@resmed.com)*
Ms. Michelle Lemieux
Director
PEOPLE SAAS
ResMed
105-38 Solutions Drive
Halifax, NS B3S 0H1 Canada

   *Re:*  *Full and General Release - Michael Greenlee;*
       Our Client No. 19757.01

Dear Ms. Lemieux:

I have the privilege of representing Michael Greenlee in regard to the Full and General Release/Separation Agreement you submitted to him. At the company's encouragement, instructing Mr. Greenlee to consult with an attorney, I have so consulted with him.

In reviewing this Agreement, I have a couple of concerns. First, the Agreement does not constitute a "mutual release", but instead, a unilateral release, wherein Mr. Greenlee releases any claims he might have against ResMed. Additionally, when it comes to a possible breach of the Agreement, I find Paragraph 9 to be somewhat lacking/deficient. I would agree that if my client is alleged to have breached the Agreement, that the Employer should be able to sue him in the State or Federal Courts in San Diego County, California. However, if the company breaches the terms of this Agreement, then my client ought to be able to pursue an action in the State or Federal Courts in Greene County, Missouri, which is a more appropriate venue for him. Further, the prevailing party should be allowed to recover attorney's fees and court costs.

I would propose the following:

- *Paragraph 2 be amended, to include a final paragraph, which reads as follows:* "By execution of this Agreement, Employer also agrees to release Greenlee from any and all claims and damages of any kind whatsoever, including any and all claims or causes of

NNLaw.com

*Physical Address:* American National Center, Suite 1-130, 1949 E. Sunshine St., Springfield, MO 65804
*Mailing Address:* P.O. Box 10327, Springfield, MO 65808 • *Fax:* 417.882.2529

Case 6:20-cv-03243-RK  Document 13-11  Filed 09/22/20  Page 1 of 3

**EXHIBIT**
11



Neale & Newman
Established 1901

December 9, 2019
Page 2

action or damages which arise as a result of any employment agreements with Employer which existed or were created as a result of the employment relationship between the Employer and Greenlee."

- ● *Paragraph 9 be amended to include the following paragraph:* "In regard to any rights and obligations under this Release, or breach of terms under this Release, wherein a breach of this Agreement by Employer is alleged by Greenlee, the parties agree any lawsuit relating to this Agreement and Employer's alleged breach of the Agreement may be filed in the State or Federal Courts in Greene County, Missouri."

- ● *Paragraph 11 should be amended as follows, to include the following:* "We require that the language "..or if any provision under Paragraphs 2 or 3 is found to be unenforceable by a court, I will return the amount paid under this Agreement to Employer (as allowed under applicable law) and will reimburse Employer with any expenses, including attorneys' fees, Employer incurs in connection with obtaining repayment of the amounts from me or for enforcing the obligations in this Agreement." My client should not have to bear the risk that Paragraphs 2 or 3 are ineffective; this is an adhesion agreement. If the language is deficient, my client should not be responsible to return the monies paid; *additionally,* you should add the following paragraph to Paragraph 11: "The parties understand if there is a breach of a material provision of this Agreement, the prevailing party will be allowed to recover attorney's fees and court costs incurred in connection with any lawsuit maintained pertaining to interpretation or alleged breach of this Agreement."

My client has conveyed to me the very vague circumstances pertaining to his termination without cause from the employment of the Employer. I have generally discussed with him his options to bring a gender bias claim, and/or pursuit of other claims against the Employer through the Missouri Commission on Human Rights/EEOC dual complaint system, but in lieu of taking the time to create an investigation of those issues, and/or possible litigation of those issues, which would involve substantial attorney's fees on both sides, and multiple parties involved with discovery, my client is willing to move forward with execution of an appropriate Full and General Release so that all issues between the Employer and Mr. Greenlee are fully and completely resolved. In other words, my client simply wants a "clean" break, from the Employer, and both parties should want to walk away knowing the other is fully released from any claims.

Please give me a call to discuss.

**NNLaw.com**

*Physical Address:* American National Center, Suite 1-130, 1949 E. Sunshine St., Springfield, MO 65804
*Mailing Address:* P.O. Box 10327, Springfield, MO 65808 • *Fax:* 417.882.2529

Case 6:20-cv-03243-RK    Document 13-11    Filed 09/22/20    Page 2 of 3



I understand there is a deadline for execution of this Agreement you have set forth as January 10, 2020. My client wishes to comply with this deadline, but it will require your cooperation to make appropriate changes to the Release Agreement, so the parties can move forward.

Thank you, Ms. Lemieux. I look forward to working with you.

Respectfully,

Kevin H. Dunaway, Esq.

KHD/jh
xc: Mr. Michael Greenlee (*via email nylmjg@sbcglobal.net*)

**NNLaw.com**

*Physical Address:* American National Center, Suite 1-130, 1949 E. Sunshine St., Springfield, MO 65804
*Mailing Address:* P.O. Box 10327, Springfield, MO 65808 • *Fax:* 417.882.2529

Case 6:20-cv-03243-RK    Document 13-11    Filed 09/22/20    Page 3 of 3